IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 14-CR-0076- LRR |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LUCIANO GARCIA-Corona, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM

The United States submits the following information regarding the upcoming sentencing hearing in this matter:

I. WITNESSES

The United States does not anticipate it will call any witnesses at sentencing.

II. EXHIBITS

The United States does not anticipate it will offer any exhibits at sentencing.

1

III. CONTESTED ISSUES

The United States is not aware of any contested issues that will need to be resolved at sentencing other than the final sentence to be imposed. In this regard, the United States respectfully moves for an upward departure pursuant to USSG §4A1.3 (understatement of criminal history); USSG §5K2.0 (aggravating circumstances not adequately considered by the Sentencing Commission) and a combination of factors, including unscored criminal history; the use of false names, social security numbers, and dates of birth; and other factors not adequately taken into account by the guidelines.

### §4A1.3

Pursuant to USSG §4A1.3, an upward departure is appropriate if:

> reliable information indicates that the defendant's criminal history category substantially understates the seriousness of defendant's criminal history or the likelihood defendant will commit other crimes . . .

Here, defendant has prior convictions for providing false information to law enforcement; assault, disorderly conduct; and interference with official acts. (PSR ¶¶ 22, 23, 24, 27). None of these offenses received criminal history points. Moreover, defendant has

2

numerous driving-related convictions for which he received no criminal history points. (PSR ¶ 28A). Finally, defendant has used multiple alias social security numbers, dates of birth, and names. (PSR pg. 2). In light of defendant's use of numerous aliases, it is not at all clear that his entire criminal history has been captured in the PSR.

Defendant's unscored known criminal history, when considered in the context of his entire criminal history, demonstrates defendant's disregard for the law and his increasingly violent nature that has been undeterred by prior prosecutions. The defendant is at extremely high risk to commit further crimes.

Further, although defendant has previously twice been convicted of domestic assault, and received criminal history points for those convictions, the extreme nature of his conduct has not been adequately punished or taken into account by the sentencing guidelines. Defendant discharged a shotgun to intimidate his wife, swung a knife at his wife, fought with his children, and turned on the gas on the kitchen stove, all while in an enraged state. (PSR ¶¶ 26, 28). Defendant and his family are extremely fortunate no one was seriously hurt or killed.

3

Finally, defendant's repeated use of multiple aliases only serves to obstruct the ability of law enforcement to track defendant, and to thus seek appropriate punishment.

§5K2.0

Pursuant to USSG §5K2.0, an upward departure is appropriate where an aggravating circumstance exists "of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission" in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2).

The factors set forth at § 3553(a)(2) include the need for the sentence imposed to promote respect for the law and provide just punishment; to reflect the seriousness of the offense; to protect the public from future crimes of the defendant; and to provide adequate deterrence to criminal conduct.

Here, defendant stands convicted of unlawful re-entry as an aggravated felon, and of possession of fraudulent documents. These offenses group, and therefore, there is no enhancement or incremental punishment for conviction on multiple counts. This is despite the fact that the two offenses are not necessarily related. As noted above, defendant's use of false identities helped facilitate his illegal presence in

4

the United States and to avoid accurate identification by law enforcement. An offender who uses false multiple false identities is deserving of greater punishment than an offender who simply unlawfully re-enters the United States. Similarly, there is greater need for deterrence for such conduct, because the only objective of such conduct can be to deceive. Defendant has not been deterred from engaging in illegal conduct despite numerous encounters by law enforcement. Defendant poses a danger to society and deserves a sentence above the guidelines range.

In the alternative, the government respectfully requests a sentence at the top of the guideline range.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By, *RICHARD L. MURPHY*

CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2015, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/lsm

cc: Melanie Keiper
U.S. Probation

RICHARD L. MURPHY
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
Rich.Murphy@usdoj.gov